**Walter FUNN**

v.

**Andrew J. WINSTON, etc.**

**Civ. A. No. 78–0269–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 8, 1978.

Saad El-Amin, Richmond, Va., for plaintiff.

James W. Hopper, Richmond, Va., for defendants.

## OPINION FROM THE BENCH

WARRINER, District Judge.

In this great country with freedoms that stretch from sea to shining sea, we have all sorts of problems. Now, among the freedoms and rights we hold are the right of access to the court, the right of free speech, the right of association, the right to travel, the right to read the newspaper, the right to get married and have a family; there are just all sorts of rights. Some are considered more precious than others.

I have had lawyers argue that the paramount right is the right to free press.

Freedom of religion is championed by many. I believe Mr. Justice Douglas believed that the paramount right is to marry and have a family.

All of these rights exist. But their existence doesn't mean that we might not suffer consequences from time to time as a result of the exercise of these rights. In other words, the rights do not include an added right to exercise the given right without fear of any consequences. That is the way it would be if we had an anarchy, but we don't have an anarchy. We have a constitutional republic. (I would say that would be the way it would be if we had an anarchy but after a while, under anarchy, only those who were powerful or mean would have the ability to exercise their rights.)

In any event, Mr. Funn professes he had an inalienable right to swear out a warrant and prosecute Mr. Giles. The defendant City Sergeant has a rule that a jail guard, such as Mr. Funn, is prohibited from proceeding criminally against a jail inmate, such as Giles. Under ordinary circumstances if one has been assaulted, he undoubtedly has a right to obtain a warrant against the assaulter and testify in Court against him. The City Sergeant sought to penalize the exercise of that right by his jail guards.

My law clerk, I suppose, has a right to go down to some political rally and make a speech for his favorite candidate for office; but I suppose that if he did it, he would be fired. It is clear that the First Amendment entitles one to engage in political debate but he would be fired just the same. He would be fired because his speechmaking would be detrimental to my decisionmaking. Similarly, Mr. Funn has a right to swear out a warrant and appear as a witness on behalf of the Commonwealth in a criminal action against Mr. Giles. He has that right and he exercised the right. But this was detrimental to the interests of his employer. He was told by his superior not to do it; that if he did he would be fired. And he was.

I don't see any constitutional issue in this case. The Supreme Court told us in *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) that we should not act as arbitrators in personnel decisions by State and municipal officials. The Supreme Court pointed out in *Bishop* that inequities will occur; unfair things will happen; people will make mistakes; people will have policies that they do not put in writing through oversight or because they are too busy with other things or for any reason.

The Supreme Court was aware that an employer will get mad at his employees, just as Major Cumbea got mad at Sergeant Funn. They also recognized that employees will get mad at employers. Sometimes the anger, either way, will be unjust and without adequate cause. But Federal District judges weren't commissed arbitrators for people who get mad at each other. Federal District Courts aren't even the proper place to make a determination as to whether it was a reasonable exercise of discretion on the part of Major Cumbea and the City Sergeant to discharge Sergeant Funn.

They could be clearly unreasonable and yet not violate the Constitution. A rule could be a poor rule and yet not violate the Constitution. A decision can be unfair and yet not violate the Constitution. The Constitution did not seek to create a perfect world in these United States. The framers of the Constitution knew better than to even attempt that. They knew that man cannot compose a perfect rule so as to provide a perfect society.

What the plaintiff has proved, viewing the evidence in the light most favorable to the plaintiff, is that he knew he would suffer unpleasant consequences if he disobeyed the order not to seek prosecution of Giles. He did not know exactly what those consequences would be, but he knew they would be unpleasant. With that in mind, he chose to prosecute. He has suffered the consequences and he must live with them. The United States Constitution has not been offended.

Judgment will enter for defendants.